McIntyre v FNY GP LLC

2026 NY Slip Op 02157

April 9, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

William McIntyre, Plaintiff-Appellant,

v

FNY GP LLC et al., Defendants-Respondents, John Doe #1 et al., Defendants.

Decided and Entered: April 09, 2026

Index No. 656967/20|Appeal No. 6317|Case No. 2025-05522|

Before: Kennedy, J.P., Kapnick, Higgitt, Michael, Chan, JJ.

Miller, Leiby & Associates, P.C., New York (David P. Gillett of counsel), for appellant.

Harris St. Laurent & Wechsler LLP, New York (Adam Oppenheim of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about August 21, 2025, which denied plaintiff's motion for summary judgment on his claim for breach of contract and for dismissal of defendants' counterclaims, and granted defendants' cross-motion for summary judgment dismissing the complaint and on their counterclaim for breach of contract, and severed the counterclaim, unanimously affirmed, without costs.

The motion court properly found that section 9.04 (a) of the operating agreements, which were governed by Delaware law, anticipated a forfeiture of plaintiff's liquidating share (which largely consisted of his capital account) in the event he breached the "non-participation" provision contained in section 12.02(d). Plaintiff claims that because section 12.02(a) of the agreements expressly requires forfeiture of his "Membership Interest" if he fails to "devote substantially all of his . . . business time to the business of [defendants]" and adhere to relevant provisions of law and company policies, his violation of the non-participation provision, which does not contain a forfeiture clause, cannot serve as a predicate to deprive him of his liquidating share. However, a contractual remedy will not be considered an exclusive remedy without express language to that effect in the agreements (see Oliver B. Cannon & Son, Inc. v Dorr-Oliver, Inc., 336 A2d 211, 214 [Del 1975]).

Contrary to plaintiff's contention, section 12.02(d) is a "forfeiture-for-competition" clause under Delaware law, not a restraint on trade against public policy (see Cantor Fitzgerald, LP v Ainslie, 312 A3d 674, 691 [Del 2024]). Indeed, especially where a plaintiff voluntarily resigned, as is the case here, there is no public policy concern related to the parties' freedom to contract (see LKQ Corp. v Rutledge, 337 A3d 1215, 1222 [Del 2024]). As such, the clause was enforceable without regard to the reasonableness of the non-participation restrictions.

Similarly unavailing is plaintiff's contention that the agreements violated the Delaware Limited Liability Company Act (6 Del C § 18-604). To the contrary, that section of the Act expressly allows parties to a limited liability company agreement to contract, as the parties did here, for situations that would result in a member not receiving a distribution. Nor is there any ambiguity in the agreements to be resolved here. Critically, plaintiff has identified no alternative, reasonable reading of the relevant provisions (see AM Gen. Holdings LLC v Renco Group, Inc., 2020 WL 3484069, *4, 2020 Del Ch LEXIS 223, *8 [June 26, 2020, Nos. 7639-VCS, 7668-VCS]).

[*2]

Turning to defendants' counterclaim for breach of the non-participation provision, the motion court properly denied plaintiff's motion for summary judgment dismissing that claim. Although the clause lacked a geographic limitation, it only prevented plaintiff from working at a competing firm that had hired an employee from defendants in the year prior. Given this restrictive covenant's limited scope, plaintiff failed to demonstrate that the lack of an express geographic limitation rendered the provision overall unreasonable and unenforceable (see Delaware Express Shuttle v Older, 2002 WL 31458243, at *12, 2002 Del Ch LEXIS 124, *51 [Del Ch Oct. 23, 2002, No. 19596]; Research & Trading Corp. v Pfuhl, 1992 WL 345465, *12, 1992 Del Ch LEXIS 234, *32 [Nov. 18, 1992, Civ. A. No. 12527]; see also Lyons Ins. Agency, Inc. v Wilson, 2018 WL 4677606, at *5-6, 2018 Del Ch LEXIS 317, *14-15 [Sept. 28, 2018, C.A. No. 2017-0092-SG]). Further, because defendants put forth sworn testimony as to their damages arising from plaintiff's purported breach, the motion court correctly determined that issues of fact precluded a ruling that they could not seek damages. Finally, because the court dismissed plaintiff's complaint, the counterclaim was properly severed.

We have considered plaintiff's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 9, 2026